FILED

14 MAY 27 AM 10:54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ▬▬▬ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCBRIDE,<br><br>                Petitioner,<br><br>vs.<br><br>CYNTHIA TAMPKINS, Warden,<br><br>                Respondents. | Civil No.   14-1222 BEN (BLM)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis. The Court does not rule on Petitioner's request to proceed in forma pauperis because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

### PETITION BARRED BY GATEKEEPER PROVISION

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his conviction in San Diego Superior Court case No. SCD212872. On June 16, 2011, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 11cv1351. In that petition, Petitioner challenged his August 6, 2008 conviction as well. On July 19, 2012, this Court denied the petition on the merits. (*See* Order filed July 19, 2012 in case No. 11cv1351 AJB (PCL) [ECF No. 16].) Petitioner appealed that determination. On July 26, 2013, the Ninth Circuit Court of

Appeals denied Petitioner's request for certificate of appealability. (*See* Order in *McBride v. Yates*, No.12-56571 (9th Cir. July 26, 2013).)

Petitioner is now seeking to challenge the sentence imposed as a result the conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Here, there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. For Petitioner's convenience, the Clerk of Court shall attach a blank Ninth Circuit Application for Leave to File Second or Successive Petition.

**IT IS SO ORDERED.**

DATED: 5/27/14

HON. ROGER T. BENITEZ
United States District Judge